## IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN THE MATTER OF: | CHAPTER 13 CASE NO.: |
| WOUNDER BAKER | 22-12645-JDW |

### OBJECTION TO CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1. The Debtor[1] initiated this proceeding with the filing of a voluntary petition for relief on October 13, 2022. The amended Chapter 13 Plan (Dkt. #21) (the "Plan") was filed on December 14, 2022.

2. The Debtor is below median income and has proposed a plan term of 60 months. In Section 5.1 of the Plan the Debtor proposes no distribution to nonpriority unsecured creditors and states that the liquidation value is $0.00.

3. According to the Proof of Claim (Clm. #5-1) filed by the Internal Revenue Service on November 3, 2022, and its Response to Objection to Claim [Dkt. #11] (Dkt. #23), the Debtor has not filed the required Federal tax return for the 2021 tax year. The Debtor has not complied with §§1308 and 1325(a)(9). Upon the filing of the Federal tax return, the Debtor must provide a copy to the Trustee pursuant to §521(e)(2)(A)(i).

4. The Debtor has obtained new employment since the petition date. Schedule I must be amended regarding the new employment. Without the opportunity to review the Debtor's current income, the Trustee alleges that the Plan does not provide for payment of all projected disposable income to nonpriority unsecured creditors. The Plan does not meet the requirement of §1325(b)(1)(B).

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise (e.g. Debtor1 or Debtor2).

      5.     The Trustee requests leave to file a separate objection should the review of the amended schedule raise any issue regarding the requirements for confirmation of the Plan.

      6.     The Trustee requests that confirmation of the Plan be denied. Should the Debtor be delinquent in payments at the time of the hearing on the Objection, the Trustee also requests that the bankruptcy case dismissed.

      WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

      Dated: January 13, 2023

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

By:   /s/ W. Jeffrey Collier
      ATTORNEYS FOR TRUSTEE
      W. Jeffrey Collier (MSB 10645)
      Melanie T. Vardaman (MSB 100392)
      6360 I-55 North, Suite 140
      Jackson, MS 39211
      (601) 355-6661
      ssmith@barkley13.com

## **CERTIFICATE OF SERVICE**

     I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

     Dated: January 13, 2023

                                 /s/ W. Jeffrey Collier
                                 W. JEFFREY COLLIER